## Nattress, Appellant, *v.* Phila. & Reading R. R. Co.

*Negligence—Risk of employment—Continuous service.*

Where one voluntarily assumes continuous service, becomes exhausted and falls asleep at his work and thereby suffers injury, there can be no recovery from the employer.

Argued May 24, 1892.   Appeal, No. 422, Jan. T., 1892, by plaintiff, Annie C. Nattress, now Harris, from judgment of C. P. Union Co., May T., 1889, No. 136, compulsory nonsuit. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Trespass for damages for death of plaintiff's husband by alleged negligent running of defendant's train.

The evidence, on the trial, before McCLURE, P. J., was to the following effect: William C. Nattress, plaintiff's husband, had been employed on defendant's road in various capacities for some years, part of the time as fireman on a locomotive and lastly, on Dec. 8, 1888, he was promoted to the position of locomotive engineer. From that time until Dec. 12, he was some days employed continuously, all but four hours one day, five hours the next and three and a half the next. The last trip was lengthened by reason of an order to return, but before returning the crew inquired by telegraph if they would be paid extra for the extra run, and on being informed that they would they undertook it. It was optional whether or not they made the run, there being no penalty for refusal. At about 2 A. M. Dec. 13, he fell asleep at his post and ran into the first section of the train of which his was the second section and was killed. Before he reached the place of the accident he was awakened by his fireman and conductor and warned to look out. It was the duty of the flagman of the first section to warn any train coming, but no warning was given.

Plaintiff offered to prove that the crew was so overworked that they became exhausted and all went to sleep. Rejected and bill sealed. [3]

An expert was called to prove how long an engineer could run an engine and not be incapacitated from doing his duty to his employer and himself. Rejected and bill sealed. [10]

The court entered a nonsuit and refused to take it off.   Plaintiff appealed.

*Errors assigned, inter alia,* were (2) refusal to take off nonsuit, (3, 10) rulings on evidence, quoting bills of exceptions.

*J. W. Gillespie* and *S. B. Boyer,* with them *J. T. Baker,* for appellant.

*Erwin M. Beale* and *Gavin W. Hart,* not heard, for appellee.

PER CURIAM, July 13, 1892.—Judgment affirmed.

## Evans's Estate.   Evans's Appeal.

*Partition—Setting aside award—Sheriff's vendee.*

Where, in partition proceedings, a purpart is awarded to a purchaser of an heir's interest at a sheriff's sale, and the sheriff's sale is subsequently set aside, the court will set aside the decree awarding the purpart.

Argued May 18, 1892.   Appeal, No. 170, July T., 1891, by Eva R. Evans, alienee of heir of John J. Evans, deceased, from order of O. C. Lancaster Co., setting aside decree awarding purpart of estate to appellant, in partition proceedings. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Pending proceedings in partition on the estate of John J. Evans, the interest of Robert J. Evans, one of the heirs, in purpart No. 3, was sold at sheriff's sale on a judgment entered against him after the death of his father, John J. Evans, and said interest was purchased by appellant, Eva R. Evans, wife of Robert J. Evans, Jan. 24, 1891.   On Jan. 29, she came into court and accepted purpart No. 3, in the partition proceedings, as alienee of Robert J. Evans.   On Jan. 31, exceptions to the sheriff's sale were filed and the sale was subsequently set aside.   On Jan. 31, a rule to revoke the decree awarding purpart No. 3 to Eva R. Evans was granted on the petition of heirs.   The court, in an opinion by PATTERSON, J., set aside the decree.

*Error assigned* was order setting aside decree, quoting the order.